UNITED STATES of America,

v.

William Terrence CROSS, Defendant.

No. CIV.A. 203CR10.

United States District Court,
E.D. Virginia,
Norfolk Division.

April 15, 2003.

Laura P. Tayman, Assistant United States Attorney, Norfolk, VA, Counsel for USA.

Charles R. Burke, Virginia Beach, VA, Counsel for Defendant.

## OPINION AND ORDER

REBECCA BEACH SMITH, District Judge.

On April 3, 2003, this court held a hearing on defendant William Terrence Cross' ("Cross") motion to dismiss for lack of jurisdiction. Cross is charged with violations of 18 U.S.C. § 1512(b)(1), witness tampering, and 18 U.S.C. § 1513(b)(2), retaliating against a witness. Defendant submits that both code sections require a federal nexus in order to establish federal court jurisdiction. He argues that, at the time of the alleged tampering and retaliation, there was no federal involvement sufficient to meet the jurisdictional criteria; therefore, he asserts that this court lacks jurisdiction over the offenses, and that any offenses against the witness in question fall under the province of the state court. For the reasons stated below, defendant's motion to dismiss is **DENIED**.

### Factual and Procedural History

The charges of witness tampering and retaliating against a witness currently before the court spring from an encounter between Cross and Nichelle Lewis ("Lewis") on August 10, 2002. The history of the matter is as follows.

On July 11, 2002, Nichelle Lewis was assaulted by her boyfriend, Antoine Goodman ("Goodman"). Officers of the Suffolk Police Department responded to her residence and she advised them that Goodman had cocaine and firearms at the residence. A search warrant was obtained and a search executed. Detective Young, the officer executing the search, seized cocaine,

crack, and firearms, among other items; state arrest warrants were obtained for Goodman, as he was not present at the search. On July 12, 2002, federal Drug Enforcement Agency ("DEA") Task Force Agent Parker was notified of the seizure and the warrants. In his testimony at the hearing, Agent Parker testified that he interviewed Lewis at the Suffolk Police station on July 12, 2002, and that he initiated a DEA investigation on Goodman on that date as well. Agent Parker's testimony was corroborated by two reports that he prepared on that date and submitted to the court at the hearing: a DEA case initiation report (Government Ex. 2, Motions Hearing April 3, 2003), and a report of the Lewis interview (Government Ex. 3, Motions Hearing April 3, 2003). During the interview, Lewis provided information regarding Goodman's involvement with drugs; she also advised Agent Parker that Cross, Goodman's uncle, was at the scene when Goodman received from his suppliers the cocaine seized on July 11, 2002.

The state warrants that had issued against Antoine Goodman were *nolle prossed* by order of the General District Court for the City of Suffolk on December 2, 2002. He was charged in the United States District Court on December 3, 2002, by a criminal complaint alleging possession of crack cocaine. A criminal information was filed against Goodman on January 31, 2003, alleging conspiracy to distribute cocaine and crack. On February 5, 2003, Goodman waived indictment and pled guilty to the conspiracy charge in this federal court.

On August 10, 2002, Cross allegedly approached Lewis and said, "[Y]ou're going to testify against Antoine, you better have your life insurance and your son's life insurance paid up." (Affidavit of Agent Gary Parker, ¶7, attached to Criminal Complaint filed December 18, 2002.) Cross allegedly repeated statements regarding Lewis testifying against Goodman and proceeded to assault Lewis. (*Id.*) On August 10, 2002, Cross was charged in the City of Suffolk with assault and battery; a charge for obstruction of justice was added on August 13, 2002. On October 15, 2002, Cross was found guilty of assault and battery before the City of Suffolk General District Court, to which he timely noted an appeal; probable cause was found to support the obstruction of justice charge, and it was forwarded to the grand jury. In a criminal complaint filed December 18, 2002, Cross was charged by the United States Attorney with a violation of 18 U.S.C. § 1512(b)(1). The next day, December 19, Cross appeared before the City of Suffolk Circuit Court on both the assault and battery and the obstruction of justice charges, at which time the state charges were *nolle prossed.* A federal indictment issued on January 22, 2003, charging the violation of § 1512(b)(1) (witness tampering) and, additionally, a violation of § 1513(b)(2) (retaliating against a witness).

### *Analysis*

The defendant asserts that jurisdiction over the charges before the court requires a federal nexus which, he argues, is not present in the instant case. Cross submits that as of the date of the alleged assault, August 10, 2002, Lewis was not a federal witness and there were no federal proceedings which had matured; therefore, jurisdiction over any offense should lie with the Commonwealth of Virginia. The government argues: (1) the federal investigation of Goodman, which was underway prior to the assault of Lewis, satisfies the criteria for federal jurisdiction over the charge of witness tampering as set out in 18 U.S.C. 1512(b)(1); and (2) the criteria for federal jurisdiction over the retaliation charge, as set out in 18 U.S.C. § 1513(b)(2), are met

by Lewis' interaction with a federal agent, which also began prior to August 10, 2002.[1]

## A. Witness Tampering

Under 18 U.S.C. § 1512(b)(1), "[w]hoever knowingly uses intimidation or physical force, threatens, or corruptly persuades another person, or attempts to do so, or engages in misleading conduct toward another person, with intent to . . . influence, delay, or prevent the testimony of any person in an official proceeding" commits a violation of the act. An "official proceeding" for purposes of this section is defined as "a proceeding before a judge or court of the United States, a United States magistrate judge, . . . or a Federal grand jury." 18 U.S.C. § 1515(a)(1)(A). The statute provides that the official proceeding "need not be pending or about to be instituted at the time of the offense." 18 U.S.C. § 1512(e)(1). Furthermore, the statute specifically states that defendant's state of mind does not have to be proven "with respect to the circumstance (1) that the official proceeding . . . is before a judge or court of the United States, . . . a Federal grand jury, or a Federal Government agency," or "(2) that the judge is a judge of the United States or that the law enforcement officer is an officer or employee of the Federal Government . . ." 18 U.S.C. § 1512(f).

There is limited Fourth Circuit precedent on the matter of the federal nexus under § 1512. Two unpublished cases, *United States v. Hudspeth*, No. 97–4277, 1998 WL 613953, 1998 U.S.App. LEXIS 22104 (4th Cir. Sept. 9, 1998) (per curiam), and *United States v. Pabellon*, No. 98–4060, 1999 WL 305052, 1999 U.S.App. LEXIS 9201 (4th Cir. May 14, 1999) (per curiam), do address the issue. In *Hud-*

*speth*, the court heard a claim that the "official proceeding" criteria of 18 U.S.C. § 1512(a)(1)(A) and (C) was not met. 1998 WL 613953, **2–3, 1998 U.S.App. LEXIS 22104 at *5–*6. The court quoted from § 1512(e), acknowledging that the official proceeding did not have to be pending at the time of the offense. *Id.* at **2–3, 1998 U.S.App. LEXIS 22104, *6–*7. The court also pointed out that evidence at trial demonstrated that Hudspeth knew that federal drug charges might be brought against him. Finally, and; according to the court, "[m]ore importantly, . . . federal drug charges were brought and a federal trial did ensue." *Id.* Under this analysis, the court found that there was sufficient evidence to meet the jurisdictional criteria of § 1512. *Id.*

Though the court found that, on the facts in *Hudspeth*, the defendant knew of the possibility of federal charges, it did not address whether that knowledge was required to be proven under § 1512. However, § 1512(f) specifically states that the defendant's state of mind does not have to be proven as to the federal nature of the proceedings or the official involved. Moreover, other circuits have specifically held that such proof is not required. *See United States v. Applewhaite*, 195 F.3d 679, 687 (3d Cir.1999); *United States v. Emery*, 186 F.3d 921, 925 (8th Cir.1999); *United States v. Gonzalez*, 922 F.2d 1044, 1054 (2d Cir. 1991); *United States v. Scaife*, 749 F.2d 338, 348 (6th Cir.1984).

Similarly, in *United States v. Pabellon*, the defendant, who was charged under § 1512(a)(1)(A) with murdering a witness to prevent his testimony, argued that there was insufficient evidence that he intended to prevent testimony in *federal* court.

---

1. As the facts presented both in the government's memorandum and in testimony at the hearing establish that the federal cooperation and investigation began *before* the alleged assault of Lewis by Cross, the court need not address how the issue of jurisdiction would be resolved if such federal involvement had not begun until after the alleged assault.

1999 WL 305052, *8, 1999 U.S.App. LEXIS 9201 at *24. The court explained that the government did not have to prove defendant's state of mind with respect to the federal nature of the proceeding; it simply had to prove that the defendant intended to prevent the witness "from testifying in a proceeding that was in fact federal in nature, not that [the defendant] knew it was federal in nature." *Id.* at **9–10, 1999 U.S.App. LEXIS 9201, *25–*26.

■ In the affidavit attached to the criminal complaint filed in this case on December 18, 2002, Agent Parker did not delineate his interactions with Lewis. However, the testimony and evidence presented at the hearing on April 3, 2003, established that Agent Parker interviewed Lewis on July 12, 2002, prior to the alleged assault of Lewis by Cross on August 10, 2002, and that a DEA investigation against Goodman was underway at the time of the assault. Furthermore, the investigation against Goodman did culminate in federal drug charges being brought against him. Under the statute, the federal proceeding need not be pending or about to be instituted, § 1512(e), and state of mind need not be proven as to the federal character of the proceedings, § 1512(f). Therefore, as Lewis was a witness in a federal investigation, which led to federal charges, the criteria are met for the charge of witness tampering under 18 U.S.C. § 1512(b)(1).

## B. Retaliating Against A Witness

Under 18 U.S.C. § 1513(b)(2), an individual commits a violation of the statute if he

knowingly engages in any conduct and thereby causes bodily injury to another person or damages the tangible property of another person, or threatens to do so, with intent to retaliate against any person for ... any information relating to the commission or possible commission of a Federal offense or a violation of conditions of probation, parole, or release pending judicial proceedings given by a person to a law enforcement officer.

The term "law enforcement officer" is defined as "an officer or employee of the Federal Government, or a person authorized to act for or on behalf of the Federal Government or serving the Federal Government as an advisor or consultant (A) authorized under law to engage in or supervise the prevention, detection, investigation, or prosecution of an offense." 18 U.S.C. § 1515(a)(4).

■ Agent Parker is clearly a "law enforcement officer" as the term is used in § 1513(b)(2) and defined in § 1515(a)(4). He testified that he is a member of the Suffolk Police Department assigned to the DEA Task Force and that he is responsible for reviewing state cases and assuming them, if appropriate, for investigation and federal charges. Agent Parker also presented to the court his DEA credentials. The testimony presented, and the credentials offered, demonstrate that Agent Parker, as an agent of the DEA, is "authorized to act for or on behalf of the Federal Government." 18 U.S.C. § 1515(a)(4). Therefore, the jurisdictional criteria are satisfied for the charge of witness retaliation under § 1513 as well.

For the reasons stated above, the defendant's motion to dismiss for lack of jurisdiction is **DENIED**. The Clerk is **DIRECTED** to forward a copy of this Opinion and Order to counsel for both parties.

**IT IS SO ORDERED.**